IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, #177281, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-15-TMH |
| ) | |
| ALABAMA BOARD OF PARDONS ) | |
| and PAROLES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, James Calvin Frazier ["Frazier"], a state inmate, challenges the constitutionality of the decision to deny him parole issued on October 6, 2009. Specifically, Frazier alleges that members of the parole board relied on false information in denying him parole. *Complaint - Doc. No. 1* at 2-3. Frazier names the Alabama Board of Pardons and Paroles ["the Board"], Cynthia Dillard, Executive Director of the Board, Eddie Cook, the Assistant Executive Director of the Board, and Bill Wynne, Velinda Weatherly and Robert Longshore, members of the Board, as defendants in this cause of action.[1] Frazier requests that "this court order the Board to hold another parole hearing" absent the alleged false information. *Id*. at 4.

---

[1] Frazier mistakenly identifies Eddie Cook as Eddie Cox and Bill Wynne as Jim Wynne.

The defendants filed an answer and legal arguments, supported by relevant evidentiary materials, addressing Frazier's complaint. Pursuant to an order entered in this case, the court deems it appropriate to treat this document as a motion for summary judgment. *Order of March 23, 2011 - Doc. No. 24*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, those cases citing the prior versions of the rule remain equally applicable to the current rule.

of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Frazier is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment

appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only

5

factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the

nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Frazier fails to demonstrate a requisite genuine dispute of material fact as is necessary to preclude summary judgment. *Matsushita*, *supra*.

### III. DISCUSSION

In December of 2002, the Circuit Court of Chilton County, Alabama sentenced Frazier to twenty years imprisonment pursuant to his guilty plea for manslaughter. On October 6, 2009, defendants Wynne and Longshore denied Frazier parole. The record demonstrates that the denial of parole occurred because Frazier failed to persuade these members of the parole board that he is an acceptable risk for release on parole. *Defendants' Exhibits A thru C - Doc. No. 17-1* at 1-7.

Frazier complains that the defendants improperly relied on false information to deny him parole. *Complaint - Doc. No. 1* at 2-3. He further argues that "the Board [acted] arbitrarily and capriciously in violation of [his] due process [rights]" in denying him parole. *Plaintiff's Response - Doc. No. 33* at 2.

### A. The False Information Claim

The defendants do not admit the information utilized in the parole decision-making process is false and categorically deny any knowing reliance on false information. *Defendants' Exhibits B and C (Affidavits of Robert P. Longshore and Bill Wynne) - Court Doc. No. 17-1* at 2-7. They further argue that the information challenged by Frazier did not impact their decision to deny parole. *Id*. In addressing Frazier's allegations, defendant Longshore avers as follows:

> "...
> 'I am unaware of any information in Mr. Frazier's file that is *known* to be false. I did not rel[y] on any information that I *knew* to be false when making the decision to vote to deny him parole on 10-6-2009. My review of an inmate for parole consideration includes his preliminary report/presentence report (details of the offense, record of arrest, victim impact, and personal and social history), the institutional parole officer's report (prison adjustment and home and job plan), listening to testimony from those allowed to speak in the open public meeting concerning parole ..., and deliberation with the other Board members to determine if I am reasonably satisfied that if released an inmate can remain at liberty without violating the law and that his release will not be incompatible with the welfare of society. I did the same for Mr. Frazier.
> 'As a parole board member I am not required by law to state the reasons why I vote to deny parole and as a practice I do not do so. I can attest to the fact that any denial of parole was not based on any *known* false information, as Mr. Frazier complains.
> 'In Mr. Frazier's complaint he alleges that I specifically relied on the fact that the presentence report states that the victim was stabbed multiple times, when Mr. Frazier claims the victim was only stabbed once. Upon review of Mr. Frazier's file I have no reason to believe that the report is anything but an accurate reflection of the crime committed and Mr. Frazier has failed to show otherwise. Even if it were true that the victim was only stabbed once, it would not have affected my decision to deny parole.
> 'Mr. Frazier further alleges that I relied upon a report detailing a car wreck where he was determined to be driving under the influence.... [T]he

8

> details of that case were not a consideration in denying him parole on 10-6-2009.
>
> 'Mr. Frazier further alleges that I relied upon a 1994 conviction for Criminal Impersonation, which he claims he did not commit. Upon review of Mr. Frazier's file there is nothing that reflects that his arrest is anything other than accurate and Mr. Frazier has not shown otherwise.
>
> 'Mr. Frazier claims I relied upon two prior arrests from Florida that did not reflect that they were Youthful Offender cases, but were listed as Robbery and Attempted Robbery cases instead. The fact that Mr. Frazier may have been granted youthful offender status in those cases would not have affected my decision to deny him parole in any way.[]
>
> 'Again, I deny Mr. Frazier's allegations and claims and deny relying upon any information that was *known* to be false in making my decision to deny Mr. Frazier's parole request."

*Defendants' Exhibit B (Affidavit of Robert P. Longshore) - Doc. No. 17-1* at 2-4 (emphasis in original); *Defendants' Exhibit C (Affidavit of Bill Wynne) - Doc. No. 17-1* at 5-7 (same)

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance on **admittedly false information** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution. The appellate court, however, carefully distinguished its holding in *Monroe* from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false

9

> information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id.* In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.2d at 1442. *Slocum* controls the disposition of the instant false information claim.

The defendants maintain that the information on which they relied to deny Frazier parole is correct and argue that reliance on this information therefore did not violate the plaintiff's constitutional rights. Specifically, there is no admission by the defendants that the information utilized in denying Frazier parole is false, incorrect or erroneous. Frazier has failed to come forward with any evidence which indicates the defendants knowingly used false information during the parole consideration process. Moreover, Frazier's conclusory assertion regarding false information does nothing more than raise the possibility that information in his records may be false and this mere possibility fails to provide a basis for relief. *Monroe*, 932 F.2d at 1142; *Jones v. Ray*, 279 F.3d 944 (11th Cir. 2001) ("[P]risoners cannot make a conclusory allegation regarding the use of [false]

10

information as the basis of a due process claim.").[3] In addition, the defendants assert that even if the alleged discrepancies referenced by Frazier existed these discrepancies would not have altered the decision to deny parole as they would have denied parole based on the remaining information contained in his file. *Monroe*, 932 F.2d at 1443 (parole board may rely on "other evidence" in the plaintiff's file, i.e., nature of the offense, prior criminal history, prison record, etc., not challenged as false to deny parole and such decision is due deference by the court).

The record in this case establishes that the defendants did not rely on ***admittedly*** false information in their decision to deny Frazier parole. Consequently, the plaintiff is entitled to no relief as a matter of law and entry of summary judgment in favor of the defendants on the false information claim is appropriate.

## B. The Due Process Claim

Frazier alleges that the defendants acted arbitrarily and capriciously in deciding to deny him parole thereby violating his due process rights. To the extent Frazier presents a due process claim separate from his false information claim, he is entitled to no relief.

---

[3] "Subsequent Eleventh Circuit precedent, while not expressly overruling *Monroe,* has noted that no Due Process rights exist for parole procedures where there is no legitimate expectation of parole. *See O'Kelley [v. Snow*, 53 F.3d 319, 321-322 (11th Cir. 1995)]. Furthermore, *Monroe* itself limits the 'right' which it uncovered to situations where the state admits the use of false information; a prisoner's allegations that false information was used to deny him parole is insufficient, in the absence of such an admission, to state a claim under section 1983. *Monroe,* 932 F.2d at 1442. *See James v. Robinson,* 863 F.Supp. 275 (E.D.Va.1994), *aff'd,* 45 F.3d 426 (4th Cir. 1994)." *Johnson v. Rodriguez,* 110 F.3d 299, 308 n.13 (5th Cir.1997).

"The Alabama [parole] statute ... calls for discretionary rather than mandatory action on the part of the board. The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole.... When the statute is framed in discretionary terms there is not a liberty interest created.... Alabama parole statutes do not create a liberty interest [in parole]...." *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982). This court's exhaustive review of the history of the Alabama statute governing release on parole establishes that from its inception the statute has been framed in discretionary terms.[4] The law is well settled that "the mere possibility of parole provides simply 'a hope that is not protected by due process....' ... [In addition], the Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole. *See Thomas v. Sellers,* 691 F.2d 487 (11th Cir. 1983)." *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

Frazier likewise does not possess a liberty interest in being granted parole that is

---

[4] Section 15-22-26 of the Alabama Code governs the authority of the Alabama Board of Pardons and Paroles to grant parole to inmates. The pertinent portion of this statute reads as follows:
> No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society....

*Ala. Code* § 15-22-26.

protected by the Due Process Clause of the Constitution. *Heard v. Georgia State Board of Pardons and Paroles*, 222 Fed. Appx. 838, 840 (11th Cir. 2007); *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489. Absent the existence of a constitutionally protected liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with the standards of fundamental fairness." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995); *Slocum*, 678 F.2d at 942; *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (because applicable Texas parole statutes confer "no liberty interest in obtaining parole" Texas inmate could not "complain of the constitutionality of procedural devices attendant to parole decisions."). Thus, the procedural due process protections of the Fourteenth Amendment do not apply to either the parole decision making process, *Thomas*, 691 F.2d at 488-489, or the parole consideration process. *Slocum*, 678 F.2d at 942 (failure to provide parole review within time required under parole rules or properly calculate presumptive date of release on parole does not constitute a violation of due process).

Nevertheless, even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489. The parole defendants maintain they acted in accordance with state/federal law and applicable administrative regulations in denying Frazier parole because they were not persuaded he presented an acceptable risk for release on parole. The decision of the parole board

13

members with respect to Frazier demonstrates a reasonable and appropriate action, *Hendking v. Smith*, 781 F.2d 850, 853 (11th Cir. 1986), rationally related to the legitimate state interest of ensuring that only those inmates deemed best suited for parole are actually granted this privilege. *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988). Frazier has therefore failed to present any evidence indicating arbitrary or capricious action on the part of the Alabama Board of Pardons and Paroles or its board members. Consequently, summary judgment is due to be granted in favor of the defendants on Frazier's general due process claim.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **November 7th, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of October, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE